United States District Court
Southern District of Texas

**ENTERED**

August 06, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARILU AGUILAR | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-477 |
| | § | |
| MIGUEL VERGARA *et al.* | § | |

## ORDER

Before the Court is Petitioner's Emergency Motion to Reopen Case, Enforce the Court's Order, and Order Immediate Release (Dkt. No. 8). For the reasons below, Petitioner's motion is **GRANTED IN PART** (Dkt. No. 8).

## I.    BACKGROUND

On July 2, 2026, the Fifth Circuit held "that the Due Process Clause requires the Government to provide at a bond hearing to aliens held under Section 1225(b)(2)(A) within a reasonable time of detention." *Rodriguez v. Ortega*, 180 F.4th 702, 726 (5th Cir. 2026), *reh'g en banc granted, opinion vacated sub nom. Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). Following this ruling, the Court ordered Respondents to comply with the bond hearing requirement "within five days of the date of [its] Order" (Dkt. No. 6 at 1). The Court stressed that if Respondents failed to "timely provide Petitioner with a bond hearing, they must immediately release Petitioner" (Dkt. No. 6 at 2). In the interim, the Fifth Circuit *sua sponte* granted *en banc* review and vacated the *Rodriguez*'s panel's holding. *Sosnava Rodriguez*, 2026 WL 2014647, at *1.

Despite the Court's clear order, Respondents refused to furnish Petitioner with a bond hearing (Dkt. No. 9 at 1–2). Respondents claimed, "the bond hearing was not held

1

due to the ruling in [*Rodriguez*] being vacated" (Dkt. No. 9 at 2). Accordingly, Petitioner

argues that Respondents defied the Court's Order and seeks her immediate release (Dkt.

No. 8 at 1–2).

## II.   LEGAL STANDARDS

"It is axiomatic that federal courts possess inherent power to enforce their

judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (citation modified)

(quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Federal Rule of Civil

Procedure 70 recognizes this inherent authority:

> If a judgment requires a party . . . to perform any other specific act and
> the party fails to comply within the time specified, the court may order
> the act to be done—at the disobedient party's expense—by another
> person appointed by the court. When done, the act has the same effect
> as if done by the party.

## III.   DISCUSSION

The Court plainly ordered Respondents to provide Petitioner with a bond hearing

if she had been detained pursuant to 8 U.S.C. § 1225(b)(2)(A) for ninety or more days

(Dkt. No. 6 at 1). In no uncertain terms, the Court warned Respondents that their failure

to comply would result in Petitioner's immediate release (Dkt. No. 6 at 2). Standing alone,

*Rodriguez*'s vacatur was not an excuse for Respondents' non-compliance. Nor does a

haphazard advisory properly put the issue before the Court. *See* Fed. R. Civ. P. 7(b).

Rather, Respondents' proper vehicle to express their discontent with the Court's ruling

is either an appeal, or a motion to set aside the judgment. *Maness v. Meyers*, 419 U.S.

449, 458 (1975) ("If a person to whom a court directs an order believes that order is

incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the

order pending appeal."). Moreover, Respondents have not filed any response to

Petitioner's motion, despite their twenty-one-day period to do so having passed. J. Garcia Marmolejo Civ. Ct. P. 6(A)(4); L.R. 7.3. Their silence is deemed as non-opposition. L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

At bottom, the Court cannot condone Respondents' blatant disregard of its Order. Sister courts have found the appropriate remedy is immediate release when Respondents have previously ignored orders to provide a petitioner with a bond hearing. *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO, 2026 WL 1361514, at *4 (D. Colo. May 15, 2026) (collecting cases). Given the Court's clear warning, it follows suit and finds that Petitioner's immediate release is justified.

## IV.   CONCLUSION

For the reasons above, Petitioner's Emergency Motion to Reopen Case, Enforce the Court's Order, and Order Immediate Release (Dkt. No. 8) is **GRANTED IN PART**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody to a public place no later than 5:00 p.m. on **August 7, 2026**. Respondents are **ORDERED** to **NOTIFY** Petitioner's counsel of the exact location and exact time of their release as soon as practicable and no less than two hours before their release.

The parties are **ORDERED** to file a Joint Status Report no later than 5:00 p.m. on **August 11, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **DIRECTED** to electronically serve this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

It is so **ORDERED**.

**SIGNED** August 6, 2026.

Marina Garcia Marmolejo
United States District Judge